# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JAMES BUFORD ROBERTSON,

                Plaintiff,

v.                                    CIVIL ACTION NO.  2:08-cv-01249

DEPARTMENT OF HEALTH AND
HUMAN RESOURCES, et al.,

                Defendants.

## MEMORANDUM OPINION & ORDER
### (*Motion to Enforce Settlement*)

Pending before the court is the plaintiff's Motion to Enforce Settlement [Docket 62]. "Enforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). A court may, in its discretion, retain jurisdiction over a settlement agreement by making the parties' obligation to comply with the agreement a part of the dismissal order. *Id.* at 381. The court's intent to retain jurisdiction may be evidenced by a provision in the dismissal order expressly retaining jurisdiction over the settlement agreement or by incorporation of the agreement's terms in the dismissal order. *Marino v. Pioneer Edsel Sales,* 349 F.3d 746, 752 (4th Cir. 2003) (citing *Kokkonen,* 511 U.S. at 381).

In this case, the Amended Final Order of Dismissal, [Docket 61], does not reflect this court's intent to retain jurisdiction over settlement of this matter.  The court, therefore, **DENIES** the plaintiff's Motion to Enforce Settlement [Docket 62].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 8, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE